MARK NORRIS, *Plaintiff in Error,* v. FELLOWS H. BILLINGS-LEY AND JOHN P. BILLINGSLEY, *Defendants in Error.*

1. B. & B., defendants in error, sued N., plaintiff in error, in ejectment. On the trial defendants in error proved that N. went into possession of the land sued for under a written contract of purchase from the grantor of B. & B., the defendants in error, and that N. had held possession ever since. B. & B. offered to prove by a witness that N. had not complied with his contract, "but the court instructed B. & B., defendants in error, that it was necessary to prove a failure to comply with said agreement to purchase." *Held,* that this ruling under the circumstances was erroneous as B. & B. having proved the existence of the contract, it was essential to their right of recovery that N. should have broken his contract, under such circumstances of negligence as showed an abandonment of the contract by him, after notice, fixing a reasonable time for its performance; and that if N. had not lost his rights under the contract, it operated as an estoppel and a defense to the suit.

2. Under section 1973, Revised Statutes of 1892, when a deed is acknowledged out of the State, but within the United States, the acknowledgment or proof of its execution may be made before a justice of the peace having an official seal, and a deed acknowledged before a justice of the peace in California, having no official seal, can not be properly recorded in this State on such acknowledgment, and its recordation in this State does not make it *prima facie* evidence under section 21, Article 16 of the constitution of 1885.

3. Where a contract is executed in duplicate, each party to it having a copy, one party by proving that his copy is lost has no right to prove the contents by parol where no steps have been taken to cause the other party to produce the duplicate copy, which it appears was in his possession. Each copy is primary evidence of the contract.

This case was decided by the court *En Banc.*

Writ of error to the Circuit Court for Leon county.

The facts in the case are stated in the opinion of the court.

*Geo. B. Perkins* and *W. C. Hodges* for plaintiff in error.

*John W. Henderson* for defendants in error.

Hocker, J.—Fellows H. Billingsley and John P. Billingsley brought an action of ejectment in the Circuit Court of Leon county, Florida, against Mark Norris for the recovery of the possession of a tract of land. There was a verdict and judgment for the defendants in error here, a reversal of which judgment is sought by writ of error from this court.

On the trial the plaintiffs introduced as a witness Fellows H. Billingsley, who testified that in the year 1899, L. A. Crooker, named as grantor in a certain deed of the land to the plaintiffs which had been introduced in evidence, rented said land to the defendant (Norris), and in August of 1900, did agree to sell said land to the defendant, which agreement was reduced to writing in duplicate and signed by them, and by H. C. Billingsley and S. A. Jones as witnesses, one being kept by Crooker and one given to defendant, Norris, and that defendant was then given possession of said land and has held it ever since, and that Crooker appointed H. C. Billingsley his agent to collect for him under said contract, and the plaintiffs further to maintain the issues on their behalf by the said witness offered to prove that the defendant had not complied with the terms of his contract, "but the court instructed the plaintiff that it was unnecessary to prove a failure to comply with said agreement to purchase, and that defendants' possession was a possession under the owner of the land," to which ruling the defendant then and there objected and excepted. This is one of the errors assigned here. We think the assignment well taken. Inasmuch as the plaintiffs had proven a contract of sale to Norris from Crooker, their own grantor, made before the execution of the deed by Crooker to the plaintiffs, under which contract the defendant Norris was

in possession of the land, it was essential to the plaintiffs' right of recovery that the contract with Norris had been broken by him, and such circumstances of negligence must have existed as showed an abandonment of the contract after notice, fixing a reasonable time for its performance. *Chabot v. Winter Park Company,* 34 Fla. 258, 15 South. Rep. 756.

If Norris had not lost his rights under the contract, as is indicated, they might have been lost in the foregoing decision, then under his plea of not guilty, the contract operated as an estoppel and a defense to the action. *Hagan v. Ellis,* 39 Fla., 463, 22 South. Rep. 727.

Plaintiffs below introduced and read in evidence a deed of the land in question executed by L. A. Crooker, in California, and acknowledged before a justice of the peace who certifies the acknowledgment under his private seal, and also certifies that he had no official seal. On this acknowledgment the deed was recorded by the clerk of Leon county, Florida, and its execution was not otherwise proven in this case. The defendant objected to this deed as evidence as not being properly acknowledged or proven, the objection was overruled, exception noted, and the ruling assigned here as error. The assignment is well taken. Under section 1973 of the Revised Statutes of 1892, to entitle a deed to real property to record when the deed is executed out of the State, but within the United States, the acknowledgment or proof of its execution may be made before a notary public or justice of the peace having *an official seal.* The deed, therefore, was not properly recorded, and consequently its recordation did not make it *prima facie* evidence under section 21, Article XVI of the constitution of 1885. *Parker v. Cleveland,* 37 Fla. 39, 19 South. Rep. 344.

It was proven that the contract between Crooker and the defendant was executed in duplicate. The defendant offered evidence to show that his copy was lost and then offered to prove its contents by parol. This was properly objected to by the plaintiffs. The contract was in dupli-

cate. There w̧as proof of loss of only one of them. They were each primary evidence of the contract (1 Burr Jones on Ev. sec. 208), and it does not appear that the defendant had taken the steps pointed out in section 1115 of the Revised Statutes, or otherwise, to cause the plaintiffs to produce the duplicate copy, which it appears from the evidence was in their possession. The court, therefore, did not err in ruling out the secondary evidence of the contents of the written contract.

Other errors are assigned but we do not deem it necessary to consider them.

The judgment is reversed at cost of defendants in error, and a new trial ordered.

TAYLOR, C. J., SHACKLEFORD, COCKRELL and WHITFIELD, JJ., concur.

CARTER, J., absent.