THOMAS G. TAYLOR, APPELLANT, v. GEORGE H. B. MATHEWS AND MARTHA J. MATHEWS, HIS WIFE, APPELLEES.

1. Where a demurrer to a bill offered by two defendants is joint and several, it may be good as to one and bad as to the other, but where the demurrer is joint, it must be good as to each of them, or it will, as a general rule, be bad as to each.

2. For a misjoinder of parties, those only can demur who are improperly joined.

3. The joinder of an improper party defendant in a bill is not, of itself, a ground for dismissing the bill, as it does not necessarily affect the jurisdiction of the court, or prevent it from making a proper decree in the case.

4. A married woman, in this state, is not a proper party defendant to a bill for the specific performance of a parol contract for the conveyance of real estate by the husband in which the wife has only a contingent dower or other interest, there being no statutory authority for such a proceeding.

5. The essentials of a good tender of money where a purchaser seeks the enforcement of a contract for the conveyance of real estate are set forth in the case of Shouse v. Doane, 39 Fla. 95, 21 South. Rep. 807.

6. It is not essential that a mortgage given by a purchaser of real estate to secure the deferred payments of purchase money should be executed by the purchaser's wife.

7. Where a bill is filed by the purchaser to enforce a contract for the purchase of real estate, it is not a good ground of objection, that the contract is in the alternative, when it provides that the vendor may elect between two or more

certain, feasible, and proper alternatives as to the security he would reserve or take for the deferred payments.

8.  Where a bill to enforce a specific performance of a verbal contract to convey real estate, alleges that the purchaser has been given possession of the real estate under the contract, and that he has expended labor and money upon its improvement, it is not essential to his right to specific performance that he should have paid the whole of the purchase money.

9.  Where in a contract for the purchase of real estate it is provided in the alternative, that the vendor at a certain future time might elect whether he would give a deed to the property, and take back a mortgage therein for the unpaid purchase money, or give a bond for title to the purchaser, and where the vendor refused to do either. *Quere*: whether the purchaser himself might not then elect which of the alternatives should be adopted, and enforce his election.

This case was decided by Division B.

Appeal from the Circuit Court for Polk County.

## STATEMENT.

On the 24th day of January, 1906, Thomas G. Taylor, appellant, filed his bill in the circuit court of Polk county against George H. B. Mathews and Martha J. Mathews, his wife, appellees, wherein, after the introductory part, he alleged: "That for many years last passed your orator with his family, consisting of his wife and children, has been a resident of Osceola county, Florida, and so remained until the happening of the events hereinafter set forth; that on the 28th day of September, 1905, the de-

fendant, George H. B. Mathews, was then seized and possessed in fee simple of the following described lands and tenements situate, lying and being in the county of Polk and state of Florida, to wit: The south half of the southeast quarter of section twenty-eight (28) and the northeast quarter of the northeast quarter of section thirty-three (33), in township twenty-nine (29) south, range twenty-six (26) east, and being so seized and possessed on that day he, the said George H. B. Mathews, and his said wife, Martha J. Mathews, made and entered into a verbal agreement with your orator for the sale of same, in which said agreement both of said defendants united and concurred, and by the terms of which the said George H. B. Mathews and his said wife, Martha J. Mathews, agreed for themselves, their heirs, executors and administrators, for and in consideration of the sum of eighteen hundred and twenty-five dollars ($1825), to be paid as hereinafter mentioned, well and truly to convey to your orator by good and sufficient warranty deed in fee simple the tracts or parcels of land above described, and in consideration thereof your orator promised and agreed to and with the said defendants to pay to the said George H. B. Mathews, his heirs, executors, administrators or assigns, the said sum of eighteen hundred and twenty-five dollars in manner following, to wit: Two hundred and fifty dollars ($250) on October 28th, 1905; three hundred and seventy-five dollars ($375) on January 1st, 1906; six hundred dollars ($600) on January 1st, 1907, and six hundred dollars ($600) on January 1st, 1908; the last two of said payments to draw interest from January 1st, 1906, at the rate of ten per cent. per annum, it by the terms of said agreement being left optional with the said defendants as to

whether or not they would upon the payment of said sum of three hundred and seventy-five dollars on January 1st, 1906, and the execution and delivery of all promissory notes of your orator for the said deferred payments of six hundred dollars each, execute and deliver to your orator a bond for title to said lands conditioned for the execution and delivery of a good and sufficient deed of conveyance of and to said lands to your orator upon the payment of the said promissory notes with interest to accrue thereon, or whether they, the said defendants, would upon the payment of said sums of two hundred and fifty dollars on September 28th, 1905, and three hundred and seventy-five dollars on January 1st, 1906, execute and deliver to your orator a deed of conveyance to said lands and take and accept from your orator a mortgage deed to and upon the same for the purpose of securing the payment of the said two promissory notes of six hundred dollars each, to become due and payable on the 1st days of January, 1907, and 1908, respectively, with interest to accrue thereon at the said rate of ten per cent. per annum, both of which said notes were to be given for the balance of the purchase price of said lands and tenements so as aforesaid due and owing from your orator to the said George H. B. Mathews.

Your orator further represents that relying upon the good faith of the said defendants to fully carry out and perform their said contract and agreement, he at once procured a tenant for his home and farm in Osceola county, Florida, upon which he was then residing, and leased the same to such tenant for the ensuing year 1906, and delivered to such tenant the full and complete possession thereof for the term aforesaid, and proceeded to employ help and labor to assist your orator in the farming, cultivating and

improving of said lands and tenements so as aforesaid contracted of and from the said defendants, and on the 22nd day of October, A. D. 1905, your orator applied for and was given full and complete possession of all of said lands and tenements by the said defendants under and by virtue of said contract of purchase, and that your orator has since thereafter continuously held and now holds actual, exclusive and absolute possession of all of said lands and tenements, including the dwellings thereon in which your orator has continuously dwelled and resided since October 22nd, 1905.

Your orator further shows that immediately upon his being let and placed into the possession of said lands and tenements by said defendants, that he employed and caused to be removed to said lands help and labor for the purpose of cultivating and improving the same, and that such help and assistance has actually removed thereto under and by virtue of such contract of employment and is now located thereon; that the fields and clearing on said lands not having been cultivated for many years had grown up with divers sorts of wild growth and that your orator, with the assistance of such help and at a great expense, to wit, the sum of two hundred dollars ($200), or some such sum, has since your orator has been so in possession thereof shrubbed, grubbed and cleared away such growth from about thirty (30) acres thereof preparatory to the planting of spring crops thereon, and has actually plowed and prepared for such planting twenty-three acres thereof, and that your orator has made and is making every preparation to improve the same and to make it his future home for himself and his family; that soon after his removal to and upon said premises with his family and

household goods, and after having been given and let into possession thereof by the defendants, as aforesaid, to wit, on the 28th day of October, A. D. 1905, your orator, in pursuance and compliance with the said contract of purchase, actually paid to the defendants and the defendants received of your orator the said sum of two hundred and fifty dollars on account of said contract, for which the said defendants gave their written receipt, stating therein that the same was on account of said contract of sale and purchase."

The bill further, in substance, alleged the appellant, in pursuance of the agreement on the 1st day of January, 1906, tendered to George H. B. Mathews the sum of $375 cash due under said agreement, and also two promissory notes of $600 each signed by appellant, dated 1st of January, 1906, one due and payable 1st of January, 1907, the other on the 1st of January, 1908, both drawing interest from January 1st, 1906, at the rate of 10 per cent. per annum, and at the same time a bond for title to be executed and delivered to appellant, conditioned for the execution and delivery of a good and sufficient deed of conveyance of the premises upon payment of said notes and interest; that appellee, George H. B. Mathews, refused to accept the money and notes tendered, and refused to execute and deliver the bond for title, and still refuses so to do. That subsequently, on the 17th of January, 1906, being still in possession of the lands, he again offered and tendered the $375, with interest at 10 per cent per annum, together with the said notes, and requested the acceptance of the money and the notes and the execution and delivery of the bond for title, all of which the appellees refused; whereupon the appellant then and there offered

and tendered the said money and notes, and a good and valid mortgage on the premises, duly executed by appellant to secure the said notes, and also a deed of conveyance of the lands from appellees to the appellant, and demanded the acceptance of the money, notes and mortgage, and the execution and delivery of the deed, all of which the appellees refused to do, and declared their intention not to carry out and perform the agreement. Copies of the notes, mortgage and deed are attached to the bills as parts of it. The bill then circumstantially alleges that the orator has always been ready and willing to carry out said agreement, and that the appellees refuse to do so. The bill prays, among other things, that the defendants may be decreed to specifically perform the said agreement, to receive the money and notes, and give a bond for title, or to receive the money, notes and mortgage, and execute and deliver a deed to the premises, as they may elect.

The defendant demurred to the bill, because, in substance, (1) the complainant has a full and adequate remedy at law; (2) the bill sets up no sufficient tender; (3) there can be no specific performance under the allegations of the bill against a married woman; (4) the facts stated do not take the cause out of the statute of frauds; (5) there are no allegations of insolvency or irreparable damage; (6) the bill does not make out a case entitling the complainant to relief.

On a hearing the demurrer was sustained on the ground that the contract was executory; that the entire purchase price had not been paid, and therefore a court of equity has no power to compel the wife to relinquish her dower; because it does not appear from the allegations of the bill that the plaintiff has not a full and adequate remedy at

law to recover the money paid, with damages for the failure to accept the additional payment and execute the deed or bond for title, and because the allegations of the bill do not entitle the complainant to specifice performance. The court below dismissed the bill. An appeal was taken from this decree.

*Wilson & Wilson,* for Appellant.

*J. W. Brady,* for Appellees.

Hocker, J. (*after stating the facts*): The errors assigned are:

1. The court erred in sustaining the joint demurrer of the defendants to the bill.

2. The court erred in dismissing the bill.

The first contention made is, we think, as a general rule, sustained by the authorities. Where a demurrer to a bill offered by two defendants is joint and several it may be good as to one, and bad as to the other, but where the demurrer is joint it must be good as to each of them, or it will be bad as to each. Dzialynski v. Bank of Jacksonville, 23 Fla. 346, 2 South. Rep. 696; 1 Daniel's Ch. Pl. & Pr. (6th ed.) 584, note 1, and 585, note 7; Wilcox v. Moudy, 82 Ind. 219; Dunn v. Gibson, 9 Neb. 513; People v. Mayor &c., of New York, 28 Barb. (N. Y.) 240. But this rule has not received universal assent, for in Wooden v. Morris, 3 N. J. Eq. 65, it was held that a joint demurrer filed by a husband and wife may be overruled as to the husband and sustained as to the wife. This ruling was based on the ruling of Lord Chancellor Eldon in Mayor, &c., of London v. Levy, 8 Vesey, Jr., 398, text 403, where the gen-

eral rule seems to be doubted. But in the later English case of Glasscott v. Copper Miners' Company, 34 Eng. Chan. Rep. 305, text 309, Lord Eldon's doctrine is disregarded.

For a misjoinder of parties defendant, those only can demur who are improperly joined. Story's Eq. Pl. (9th ed.), section 544. We think that Mrs. Mathews would have pursued the better practice if she had demurred separately. However this may be, the fact that she may have been an improper party to this suit, did not affect the jurisdiction of the court, if her husband was a proper party; nor prevent it from making a proper decree in the case. Gordon v. Simonton, 10 Fla. 179, text 196.

As we are of opinion that the decree should be reversed and remanded for further proceedings, in order to narrow the litigation, we will consider the legal relations which Mrs. Mathews sustains to the case, made by the bill. Riddle v. Motley, 1 Lea (Tenn.) 468. Under the laws of this state a married woman is not free to contract in all respects as a *feme sole*. She is permitted under the constitution to make certain contracts with reference to her separate statutory property which may be held to create a charge on that property, and she is permitted by the statutes to sell, convey or mortgage said property under certain restrictions and conditions. Mercantile Exch. Bank v. Taylor, 51 Fla. 473, 41 South. Rep. 22, and cases therein cited. It has been held in this state that a married woman cannot be compelled to specifically perform an agreement by which a husband and wife undertake to convey lands owned by the latter as her separate property, under the constitution or statutes of Florida, and as to which she has not made her acknowledgment on a separate

examination, although the party seeking relief has paid the consideration and is in possession. Goss v. Furman 21 Fla. 406. In so far as the wife is concerned this doctrine applies to bill for the specific performance of contracts for the conveyance of the real estate of the husband, in which the wife has only a contingent dower or other interest, as in the instant case, for there is no statutory authority for such a proceeding. Pomeroy on Contracts (2nd ed.), section 295; 6 Pomeroy's Eq. Jur., sections 834, 835, 836; Richmond v. Robinson, 12 Mich. 193; Weed v. Terry, 2 Doug. (Mich.) 344; 2 Story's Eq. Jur. (13th ed.), sections 731, 732, 733, 734, 735 and note 2 (a) ; Young v. Rodman, 10 N. J. Eq. 401; McCormick v. Stephany, 57 N. J. Eq. 257, 41 Atl. Rep. 840; Venator v. Swenson, 100 Iowa 295, 69 N. W. Rep. 522; Waterman on Specific Performance, section 511. We do not think, however, nor does the circuit judge so state in his opinion, that the joinder of Mrs. Mathews as a defendant was a good ground for dismissing the bill.

It is contended by the appellees that the bill does not show a proper tender by the appellant. The allegations of the bill with respect to the tender are very similar to those made in the case of Shouse v. Doane, 39 Fla. 95, 21 South Rep. 807. On page 108 this court says: "The requirement of a tender of purchase money used in this connection does not mean a tender strictly valid at law, but means a present readiness, willingness and ability in good faith to perform the acts required of one by the agreement, provided the other party will concurrently do the things which he is required by the contract to do, and notice by the former to the latter of such readiness, will-

50—S C

ingness and ability." citing cases. See also, Waterman on Specific Performance, section 439. In the instant case the bill alleges not only that the complainant has done what was required of him by the contract, but that he is and has always been ready to pay money due with interest, and executes the notes and mortgages. It is objected that the latter was not executed by complainant's wife, but as the mortgage, was for purchase money that constitutes no objection to it, as the wife, if he had one, could acquire no interest superior to the lien for purchase money. Porter v. Teate, 17 Fla. 813, text 818; 1 Jones on Mortgages (4th ed.) 464, (6th ed.) 468.

It is also contended that the contract sought to be enforced was in the alternative, and that equity will not specifically enforce one of that character. The only case cited to sustain this contention is that of Armour v. Connolly (N. J. Eq.) 49 Atl. Rep. 1117, in which the vice chancellor decided that a contract to take down or remove a building within two weeks from the date the party of the first part shall vacate the premises was in the alternatve, and specific performance would not be compelled in equity of that sort of a contract, especially on a bill filed some days before the expiration of the two weeks. This decision was reversed on appeal, but upon other grounds, and it does not appear that this doctrine was approved. Armour v. Connolly, 63 N. J. Eq. 788, 62 Atl. Rep. 383. The only authority cited by the vice chancellor to sustain his position is Pomeroy on Specific Perfomance, section 298, text 302. This authority, it seems to us, is very far from sustaining him. The doctrine laid down by Pomeroy is that where an agreement consists of two or more parts in the alternative, and one or more become impossible of performance, or for some reason improper to be performed, a

defendant will not be required to perform the other, because in doing so, the court would take away his right of election and would thereby be making a contract for him. But even this doctrine has its qualifications, as is shown in sections 299, 300, 301, 302. We have seen no authority which holds that the court in decreeing specific performance may not require a party to elect between two or more certain, feasible and proper alternatives, contained in his agreement. 26 Am. & Eng. Ency. Law (2nd ed.) 30; Fry on Specific Performance, section 675; Allender v. Evans-Smith Drug Co. (3 Ind. Ter.) 64 S. W. Rep. 558. If the facts of this case are such as take it out of this rule, they are not stated in the bill, and should be set up in an answer.

We are of opinion that it is not essential that the whole of the purchase money should have been paid by the complainant to entitle him to specific performance. He alleges that he has been given possession of the property under the verbal contract, and that he has expended labor and money upon its improvement in such sort as give him the right of specific performance. Pomeroy on Specific Performance (2nd ed.), sections 112 to 136 inclusive; Waterman on Specific Performance, sections 268 to 282, inclusive; Shouse v. Doane, 39 Fla. 95, 21 South. Rep. 807. The complainant has not by his bill invoked the right to elect whether he, himself, will take a bond for title, or require a deed from the defendant George H. B. Mathews and give a mortgage to secure the notes. We are, therefore not called upon to decide the question. 1 Story on Contracts (5th ed.), section 815; 3 Page on Contracts, p. 2163; Coles v. Peck, 96 Ind. 333. Whether the complainant will be entitled to compensation in case Mrs. Mathews de-

clines to unite in a deed from her husband to complainant we need not now determine, as the question is not presented to us by the pleadings or briefs.

The decree is reversed and remanded with directions that the bill be dismissed as to Martha J. Mathews, and the demurrer overruled and for further proceedings. The costs of this appeal will be equally divided between the appellant and appellee George H. B. Mathews.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.