J. L. MALOY, APPELLANT, v. MARGARET ANNETT BOYETT, AND ALLEN BOYETT, AMY BOYETT, MARSHALL BOYETT, LONNY BOYETT, CASSIE BOYETT AND MINNIE LEE BOYETT, BY HER NEXT FRIEND, J. E. BOYETT, APPELLEES.

1. In suits for specific performance of parol contracts for the sale of land, the rules of equity pleading require that the terms of the contract must be distinctly, definitely and precisely stated in the bill, so that the court may not be left to inference as to its terms or as to the rights of the parties, and so that the court can see that the contract is one which it is equitable to enforce.

2. The rule requires that when a purchaser comes into equity to compel the execution of a parol contract for the sale of land, and seeks to take it from the operation of the statute of frauds by averment of part performance it is essential to relief that the acts of part performance relied upon are referable to that particular contract.

3. Payment of the purchase money, followed by delivery of possession under a parol contract for the sale of lands, constitute such part performance that the seller is estopped from insisting that the agreement was not signed, and the specific execution may be decreed, but it is essential to this right for specific performance that the acts of part performance relied upon, the payment of the purchase money and delivery of possession of the land, be consistent only with and legitimately referable to the particular agreement for the purchase and sale.

4. A bill in equity will not lie to enforce specific performance of a voluntary promise to convey land, but a valuable consideration is necessary.

5. Where the bill sets out the contract for the sale of lands in general terms, the presumption of law is that it is a

legal and valid contract and is in writing and signed by the party to be charged therewith; and, if the defendant desires to set up the statute as a defense, it must be done by plea, or insisted on in the answer. Where the complainant in a bill sets up in terms a verbal contract, the defendant may demur, if such bill fails to state facts that will avoid the statute of frauds.

6. As a basis of the remedy for specific performance there must be a valid and binding contract, and the contract must be clear, definite and certain.

7. In no other class of cases is correspondence between the allegations of the bill and the proof adduced to establish them more rigidly exacted than in suits for specific performance of parol contracts for the sale of lands. It is not sufficient that some agreement be proved. If the evidence fails to satisfactorily establish the particular agreement alleged in the bill, or leaves any of its material terms in doubt or uncertainty, equity will not lend its aid to enforce its specific performance. The complainant's case must be clearly made out, in harmonious pleading and proof, to entitle him to a decree.

This case was decided by Division B.

Appeal from the Circuit Court for Santa Rosa County.

STATEMENT.

On the 7th day of July, 1902, William Boyett filed his amended bill for specific performance of a contract to convey real estate. So much of the bill as it is necessary to quote here is as follows:

"2nd. That on the 3rd day of December, A. D. 1901, the respondent, J. L. Maloy, made and entered into an

agreement with your orator, in which he agreed to convey to your orator by deed, the following described lands, to wit: S. W. ¼ and W. ½ of S. E. ¼ of Sec. 12, Tp. 2 N., Rg. 26 W., less 15.77 acres on the north side, extending across the N. ½ of S. W. ¼ and N. W. ¼ of S. E. ¼. The said lands agreed upon to be conveyed, containing 224 acres, more or less. All of said lands lying in Santa Rosa county, state of Florida. The consideration of said contract being for moneys that your complainant had heretofore advanced to the said complainant in payment of the said lands, and further in consideration of one bay horse mule and one log cart, then in the possession of the said J. L. Maloy; that under the said agreement the said J. L. Maloy, in condsideration of the said amounts hereinbefore set forth, agreed to make, execute and deliver a deed to your orator to the said lands hereinbefore described, on the 15th day of February, 1902, and that in order to further bind the said agreement, the said respondent placed in the hands of your orator the chain of title to the said property which your orator now holds.

3rd.   That the full consideration of the said lands was a sum of $250.00, and that your orator has fully paid, and had in fact fully paid the respondent at the time he entered into the contract to make the said deeds.   That under an act by virtue of the said contract, complainant has entered upon the said lands and cleared and cultivated a portion thereof, and has cut and sold the timber from all of the said lands.

4th.   That the respondent had, at the time of making the said contract, good titles to the said property, and has now good titles to the property.

5th.   That on the 15th day of February, your orator had prepared a deed and presented the same to the said

respondent for execution, according to the agreement hereinbefore set forth, as made on the 3rd day of December, A. D. 1901, and your respondent is advised and believes that the said J. L. Maloy has a deed prepared in favor of your complainant, but that he has never executed and delivered same to your orator. That the said respondent, disregarding his agreement, has failed to make, execute and deliver to your orator the deed to the said property at the time agreed, although he has often been requested so to do, and although he has had a deed tendered him for his signature same demanded of him before the institution of this suit.

6th. Your orator would further show unto your honor that the said J. L. Maloy is insolvent and that the judgment against him for a breach of his contract would be of no avail to your orator, and would not in fact compensate your orator for the lands contracted for. That your orator has not adequate remedy at law against the respondent."

A demurrer to the amended bill was overruled and the defendant filed the following answer, sworn to, oath not being waived: "The answer of J. L. Maloy, the defendant, to the bill of complaint of William Boyett, complainant. The defendant now and at all times hereafter saving and reserving unto himself all, and all manner of benefit, or advantage, or exception, or otherwise that can or may be had or taken to the many errors, uncertainties and imperfections in the said bill contained for answer thereto or to so much thereof as this defendant is advised is material or necessary for him to make answer to, answering says:

1. The defendant admits the truth of the facts alleged

in paragraph one (1) of complainant's bill of complaint.

2.   The defendant denies that he on the 3rd day of December, A. D. 1901, or at any other time, made and entered into an agreement with complainant in which said agreement he was to convey unto the complainant the land or any part thereof described in said complainant's bill of complaint; and respondent says that he did not agree nor contract with complainant to convey said land or any part thereof to complainant; that said complainant has not advanced or paid to respondent any money or other thing of value as a consideration of said land or any part thereof; that respondent did not, as alleged in said bill of complaint, agree to make, execute and deliver a deed of conveyance to complainant for said land or any part thereof on the 15th day of February, 1902, or any other time, and did not, in order to bind the said agreement, as alleged in said bill of complaint, place in the hands of complainant the chain of title or any part thereof to the said described lands.

3.   That it is not true, and respondent denies that he ever at any time agreed to convey said lands or any part thereof to complainant for the consideration of $250.00, or any other amount or consideration, and respondent has never received anything of any character or value from complainant as a consideration for said lands or any part thereof, and that if complainant has entered upon said lands or any part thereof, and cleared and cultivated same and cut and sold timber therefrom, he did so as a wilful trespasser without authority, licenses or permission from any one authorized to give such authority, license or permission.

4.   Respondent further denies that he ever at any time

agreed or contracted in writing or otherwise to sell and convey the said land or any part thereof to complainant, and says that no agreement in writing or otherwise to sell and convey the said land or any part thereof, nor any memorandum or note thereof in writing has been made or signed by this defendant or by any person thereunto lawfully authorized.

The respondent having fully answered asks that he be dismissed, with his costs and expenses in this behalf wrongfully sustained."

To this anwer a replication was filed, and testimony was taken. Afterwards, on the 7th day of December, 1905, upon a suggestion of the death of the complainant, an order was made whereby the heirs of the complainants were made parties and the cause proceeded in their name as complainants.

On the 14th day of March, 1906, a final decree was rendered, whereby it was adjudged and decreed that the equities of the cause are with the complainants and that the defendant be required to convey to the complainants, by warranty deed, on or before the 15th day of April, 1906, the fee simple, title in and to the south-west quarter of section twelve, township four north, of range twenty-six west, less 10.51 acres on the north side extending across the north half of said southwest quarter, in Santa Rosa county, state of Florida.

From this decree an appeal was taken, returnable to the last term.

*T. F. West,* for Appellant.

*Daniel Campbell & Son,* for Appellees.

61—SC

PARKHILL, J. (*after stating the facts*) :   The first as-sigment of error is, that the court erred in overruling the demurrer to the amended bill of complaint.

The demurrer was filed to the original bill of com-plaint, and it was afterwards made to apply to the amended bill.   The amended bill cured nearly all the de-fects pointed out in the original bill.

It is contended that the court erred in overruling the demurrer because, in the amended bill of complaint the allegation of the consideration for the contract is vague, indefinite and uncertain, and shows that the complain-ant had paid the entire consideration in the said contract long before the contract existed.

In suits for specific performance of parol contracts for the sale of land, the rules of equity pleading require that the terms of the contract must be distinctly, definitely and precisely stated in the bill, so that the court may not be left to inference as to its terms or as to the rights of the parties, and so that the court can see that the con-tract is one which it is equitable to enforce.   The con-tract must not appear from the bill to be vague, uncertain or ambiguous.   Vagueness of statement or indefiniteness as to the matter of substance is not permitted.   Facts must be clearly stated.   20 Ency. of Pl. & Pr., 440; Iron Age Pub. Co. v. Western Union Tel. Co., 83 Ala. 498, 3 South. Rep. 449; Allen v. Young, 88 Ala. 338, 6 South. Rep. 747.

So, also, the rule requires that when a purchaser comes into equity to compel the execution of a parol contract for the sale of land, and seeks to take it from the opera-tion of the statute of frauds by averment of part performance, it is essential to relief that the acts of part

performance relied upon are referable to that particular contract. 1 Story's Eq. Jur. section 764; Tate v. Jones, 16 Fla. 216; Cooper v. Colson, 66 N. J. Eq. 328, 58 Atl. Rep. 337; 1 Am. & Eng. Annotated Cases, 997.

We think the allegation in the bill of the consideration for the contract sought to be enforced is vague, uncertain, and ambiguous, and does not come up to the requirement of the strict rule which prevails in this regard. The consideration is stated vaguely as "being moneys that your complainant had heretofore advanced in payment of the said lands," without stating how much money, and "that under the said agreement the said J. L. Maloy in consideration of the said amounts hereinbefore set forth," when no amounts of money had been stated, and these "amounts" would seem to refer to and include a mule and cart. It is true that in the third paragraph of the bill it is stated "that the full consideration of the lands was a sum of $250.00," but the word "consideration" as there used might reasonably be considered as a statement of the full value of the lands. But even if this statement of consideration may be taken as applying to the allegation of consideration in the second paragraph, and as meaning the moneys advanced and the mule and cart in the possession of Maloy, the court is left to infer this meaning, which is a violation of the rule of pleading above set forth. Even if we could pass this by, yet there seems to us to be a fatal objection to the case of the complainant as set out in the bill. The complainant in this case comes into equity as a purchaser to compel the execution of a parol contract for the sale of lands and seeks to take this contract from the operation of the statute of frauds by averment of part performance of the con-

tract, and, as we have seen, the acts of part performance relied upon must be referable to the particular contract sought to be enforced. The bill states that the contract sought to be enforced was made and entered into on the 3rd day of December, 1901. The acts of part performance relied upon in this case to take this contract out of the statute of frauds are the payment of the purchase money and the entry into possession of the lands under and by virtue of the contract. Payment of the purchase money, followed by delivery of possession, under a parol agreement for the sale of lands, constitutes such part performance that the seller is estopped from insisting that the agreement was not signed, and the specific execution may be decreed, but it is essential to this right for specific performance that the acts of part performance relied upon, the payment of the purchase money and delivery of possession of the land, be consistent only with and legitimately referable to the particular agreement for the purchase and sale. Tate v. Jones, *supra;* Halsell v. Renfrow, 14 Okla. 674, 78 Pac. Rep. 118; 2 Am. & Eng. Annofated Cases, 286.

In other words, acts done *prior* to a verbal contract to convey land are never a part performance upon which to base specific performance of the agreement. Price v. Lloyd (Utah), 86 Pac. Rep. 767.

A bill in equity will not lie to enforce specific performance of a voluntary promise to convey land, but a valuable consideration is necessary. Brevator v. Creech, 186 Mo. 558, 85 S. W. Rep. 527; Price v. Lloyd (Utah), 86 Pac. Rep. 767. The bill in the instant case alleged the making of the contract between the parties on the 3rd day of December, 1901, and "the consideration of said

contract being for moneys that your complainant had heretofore advanced" to the said defendant. It may be said that the meaning of this allegation is that the moneys were advanced heretofore, that is, before the filing of the bill and after the making of the contract on the 3rd day of December, 1901; but this contention is upset by the further allegation of the bill "that *under the said agreement* the said J. L. Maloy *in consideration* of the said amounts hereinbefore set forth agreed to make, execute and deliver a deed to your orator," all of which shows that the amounts were paid *theretofore,* that is before the making of the agreement of December 3rd, 1901, in which it was agreed, in consideration of the said amounts, the said Maloy agreed to make the deed. It is true that the bill alleges that the moneys were advanced "in payment of the said lands," which would imply that there was some other agreement for the purchase of the lands, and we are led again to conjecture and infer the terms of the contract. Here the allegations of the terms of the contract are so vague, indefinite and uncertain that the court is unable to see that the contract is one which it is equitable to enforce. As to that part of the consideration consisting of "one bay horse mule and one log cart then" (at the time the contract was made, December 3rd, 1901,) "in the possession of the said J. L. Maloy," it is clear that this property must have been in the possession of Maloy before the making of the contract. So far as these moneys and this property are to be taken into account, they are mere matters wholly in the past, and there is no allegation that the consideration for them was a promise by J. L. Maloy to convey the lands in suit, and are insufficient to sustain a suit for specific performance. We

adopt in this connection the language of the court of
Utah in the case of Price v. Lloyd, *supra*: "Courts of
equity, in establishing the doctrine invoked by plaintiff,
have not by any means intended to annul the statute of
frauds, but only to prevent its being made the means of
perpetrating a fraud.  In order that a plaintiff may be
permitted to give evidence of a contract not in writing,
and which is in the very teeth of the statute and a nullity
at law, it is essential that he establish, by clear and pos-
itive proof, acts and things done in pursuance and on
account thereof, exclusively referable thereto, and which
take it out of the operation of the statute." For the rea-
sons above given the demurrer ought to have been sus-
tained.

Another objection to the amended bill made here
through the demurrer is, that "the bill of complaint does
not allege the contract is in writing and it will therefore
be presumed to be in parol." If this objection is to be
considered an effort on the part of the defendant to avail
himself of the benefit of the statute of frauds by demurrer
to the bill he cannot succeed.  The bill sets out the con-
tract in general terms and the presumption of law is that
it is a legal and valid contract, and is in writing and
signed by the party to be charged therewith, and if the
defendant desires to set up the statute as a defense, it
must be done by a plea, or insisted on in the answer.
Where the complainant in a bill sets up in terms a verbal
contract, the defendant may demur.  But this is not the
case here.  Chambers v. Lecompte, 9 Mo. 575; Sanborn
v. Rodgers, 33 Fed. Rep. 851; Woods' Statute of Frauds,
section 538.  It may be well to say here that the vague,
indefinite and uncertain allegations of the bill in the

respects pointed out have given rise to much confusion in the proofs. It does not seem to be clear to all of us from the proofs whether the complainant is seeking to enforce a contract for the purchase of the land made with the older Maloy four or five years before the filing of the bill, or the contract made with J. L. Maloy, December 3rd, 1901, on his own account, or to carry out the one made with his father. It will be well to remember that as a basis of the remedy of specific performance there must be a valid and binding contract, and the contract must be established by competent and satisfactory proof, which must be clear, definite and certain. As was said in the case of Allen v. Young, 88 Ala. 338, 6 South Rep. 747, "In suits for the specific performance of parol contracts respecting the sale of lands, the rules of equity pleading require that the contract shall be distinctly, definitely and precisely averred so that the court may not be left to inference, or in uncertainty as to its terms, or as to the rights of the parties. In no other class of cases is correspondence between the allegations of the bill and the proof adduced to establish them more rigidly exacted. It is not sufficient that some agreement be proved. If the evidence fails to satisfactorily establish the particular agreement alleged in the bill, or leaves any of its material terms in doubt or uncertainty, equity will not lend its aid to enforce its specific performance. The complainant's case must be clearly made out, in harmonious pleading and proof, to entitle him to a decree." See, also, Anthony v. Leftwich, 3 Randolph (Va.) 238, text 246.

As was said by this court in case of St. Andrew Bay Land Company v. Campbell, 5 Fla. 560: "No facts are in issue unless charged in the bill, and no proofs can gen-

erally be offered of facts not in the bill, nor can relief be granted for matters not charged, although they may be apparent from other parts of the pleadings and evidence; for the court pronounces its decisions 'secundum allegata et probata.' "

It is a well established principle of law that the specific performance of a contract for the sale of lands is not a matter of right in either party, but a matter of sound, reasonable discretion in the court. Asia v. Hiser, 38 Fla. 71, 20 South Rep. 796; Knox v. Spratt, 23 Fla. 64 6 South Rep. 924; McCrillis v. Copp, 31 Fla. 100, 12 South Rep. 643. Or, as Lord Eldon observed, 12 Ves. Jr. 331, "The jurisdiction is not compulsory, but the subject for discretion. The question is not what the court must do, but what it may do, under the circumstances."

The decree of the court will be reversed at the cost of appellees, and the cause remanded with directions to allow the complainants to amend the bill according to the suggestions herein, and for such other and further proceedings, not inconsistent with this opinion, and according to the usual course of proceedings in equity.

TAYLOR AND HOCKER, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.