E. A. DEMPS, *Plaintiff in Error,* v. J. C. HOGAN, *Defendant in Error.*

EJECTMENT—PLAINTIFF MUST SHOW PRESENT RIGHT OF POSSESSION —VERBAL CONTRACT FOR SALE OF LAND WHEN MAY BE ENFORCED.

1.  It is well settled that a plaintiff in ejectment to be entitled to recover must show in himself a present right of possession.
2.  Where the owner of land, by himself or through his agent, makes a verbal contract of sale thereof to another for an agreed price, and puts the vendee in possession, upon compliance with the terms of his contract of purchase a court of equity will

in favor of such purchaser enforce specific performance of such contract notwithstanding the statute of frauds requiring all contracts for the sale of land or some memorandum thereof to be in writing and signed by the vendor; and in such a case until there is a breach by the purchaser of his contract of purchase, that amounts to a forfeiture of his right to the possession, the vendor cannot oust him by ejectment.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Suwannee County.

The facts in the case are stated in the opinion of the court.

*Humphreys & Harrell,* for Plaintiff in Error;

*L. E. Roberson,* for Defendant in Error.

TAYLOR, J.—The defendant in error as plaintiff below sued the plaintiff in error as defendant below in the Circuit Court of Suwannee County in an action of ejectment for the recovery of possession of a tract of land there situated. The cause was referred to a referee for trial, who upon the trial rendered judgment in favor of the plaintiff below, and such judgment the defendant below brings here for review by writ of error.

Motion for new trial was made and denied and such ruling duly excepted to, and the denial of such motion is assigned as error.

Such motion was made upon the grounds among others:

(1) Because the findings of the referee are contrary to law; (2) and because said findings are contrary to the evidence, and are not supported by the evidence.

The referee erred in the denial of this motion, and under the facts and proof erred in not rendering judgment in favor of the defendant below.

From the proofs it appears that Hogan, the plaintiff being the holder of the legal title to the land in dispute verbally empowered one Brown as his agent to sell the land to the defendant and to put the defendant in possession thereof.

Brown as such agent, with the full knowledge and consent of the plaintiff, sold the land to the defendant and put him in possession thereof, the defendant paying to the plaintiff a considerable portion of the purchase price. There is not a scintilla of proof that the defendant made any default in the terms of his contract of purchase, or in any manner forfeited his right to the possession of the land under his contract of purchase. Under these circumstances the plaintiff had no right in law to a recovery of the possession of such land.

It is well settled that a plaintiff in ejectment to be entitled to recover must show in himself a present right of possession. Barco v. Fennell, 24 Fla. 378, 5 South. Rep. 9; Jones v. Lofton, 16 Fla. 189; Rose v. Withers, 39 Fla. 460, 22 South. Rep. 724; Norris v. Billingsley, 48. Fla. 102, 37 South. Rep. 564.

Where the owner of land by himself or through his agent makes a verbal contract of sale of such land to another for an agreed price and puts the vendee in possession, upon compliance with the terms of his contract of purchase a court of equity will in favor of such purchaser enforce specific performance of such contract notwithstanding the statute of frauds requiring all contracts for the sale of lands or some memorandum thereof to be in writing and signed by the vendor. Brown on Statute of Frauds (5th Ed.) Secs. 465 and 467 and numerous

authorities there cited; and in such a case until there is a breach by the purchaser of his contract of purchase, that amounts to a forfeiture of his right to the possession, the vendor cannot oust him by ejectment. Norris v. Billingsley, *supra*.

The judgment of the court below in said cause is hereby reversed at the cost of the defendant in error.

All concur, except Parkhill, J., absent on account of illness.