CLARK & LEWIS, INC., *Appellant*, v. R. C. GARDNER, *Appellee.*

Division B.

Opinion filed June 5, 1926.

Petition for rehearing denied July 3, 1926.

*Loftin, Stokes & Calkins,* for Appellant;

*Lilburn R. Bailey* and *Jordan Gardner,* for Appellee.

BUFORD, J.—Clark & Lewis, Inc., was engaged in the grocery business and filed a bill in Chancery alleging that on September 16, 1923, the defendant agreed to lease to the Clark & Lewis, Inc., a certain lot or store building known as No. 50 N. E. Eleventh (11th) street in the City of Miami, for a term of five (5) years from October 1, 1923,

at a monthly rental of one hundred seventy-five dollars ($175.00) per month, during such time as another tenant of the owner occupied a part of the building and at a monthly rental of two hundred fifty dollars ($250.00) per month when Clark & Lewis, Inc., should be given exclusive occupancy of the building. The bill alleges that R. C. Gardner was the owner of the premises, that he was absent from the state at the time the negotiations were entered into and that the agreement was arrived at between Harry Lewis, representing the lessee and L. C. Gardner who was the agent and brother of R. C. Gardner on behalf of the lessor. Certain telegrams and letters signed by the parties severally or their agents are set in the bill of complaint.

It is further alleged that pursuant to the agreement, Clark & Lewis, Inc., were put into possession of the premises and that they expended large sums of money in making the premises suitable for the purpose for which they were to be used and also spent large sums of money in preparing to do business in that place. It is alleged that the proposed lessee paid to the proposed lessor and owner of the premises and that he accepted the monthly rental from October, 1923, to December, 1924. It further alleges that under the oral agreement a written lease was to be made and executed between the parties and about March 1, 1924, the owner caused to be drafted and sent to the lessee, duplicate copies of the proposed written lease. There was a clause in the proposed written lease which was not accepted by the lessee, and the lessee struck out this clause and signed both copies as changed and returned them to R. C. Gardner with a check for the current month's rent, which was received and accepted by Gardner without objection; the bill further alleges that pursuant to the signing of the written lease as changed, Clark & Lewis, Inc., continued to occupy the premises without objection and paid to R. C. Gardner

the monthly rental under the agreement from March, 1924, to December, 1924. It is alleged that notwithstanding the above stated fact, R. C. Gardner in November, 1925, demanded that the Clark & Lewis, Inc., pay. an increased rental of three hundred fifty dollars ($350.00) per month, and that when Clark & Lewis, Inc., refused to pay the increased rental, R. C. Gardner announced he would commence a summary proceeding in a Court of competent jurisdiction for their removal from the premises as delinquent tenants.

The prayer of the bill was for a restraining order, enjoining R. C. Gardner from instituting and prosecuting, in the County Judge's Court, the proposed eviction proceedings, and for the specific performance of a contract; to make a lease for five (5) years to the complainant and for general relief.

The restraining order after notice was granted, the defendant filed an answer in which was incorporated a demurrer. The answer denies that there was an agreement for a lease, though it admits that there were negotiations looking to that end, and that R. C. Gardner sent to Clark & Lewis, Inc., the written duplicate drafts of the proposed lease; that they were changed by Clark & Lewis, Inc., only in the one particular previously mentioned, and were executed by Clark & Lewis, Inc., and returned to R. C. Gardner, and by him retained from March to December, 1924; that Clark & Lewis, Inc., were let into possession of the premises and occupied them from September, 1923, to filing of the answer, regularly and promptly paying the monthly rental called for by the alleged lease and otherwise complying with the terms of the alleged lease.

The Answer also admits the imminence of the threatened eviction proceedings.

Evidence was submitted, and upon motion the restraining order was dissolved and a final decree was entered sustaining the demurrer to the bill of complaint and dismissing the bill. From the final decree appeal was entered and that the decree was assigned as error.

The bill of complaint presents such a state of facts as would entitle the complainant to equitable relief. The complainant does not claim that it has a lease for a period of five (5) years but it claims that it has an agreement with the owner to make a lease for a period of five (5) years in accordance with the terms of the agreement which when taken in connection with the act of being put in possession of the property and with the fact of having paid the rents as agreed upon and the fact of having (with the knowledge and consent of the owners) spent large sums of money in making the property suitable for the business for which it is to be used, creates a valid and binding obligation upon the owner to make and execute a lease in accordance with the terms of the agreement. There is a vast difference in the dignity required in a conveyance and that required in an agreement to convey. This difference has been pointed out by this Court in Tucker v. Gray, 82 Fla. 251, 90 South. Rep. 158; Simmons v. Tobin, — Fla. ——, 104 South. Rep. 583; Kalil et al., v. Fla. Natl. Bk. of Gainesville, 81 Fla. 543, 88 South. Rep. 383.

An oral agreement for the conveyance of lands when the purchaser has been put in possession and has paid a part of the purchase price is enforcible. Tate v. Jones, 16 Fla. 216; Demps v. Hogan, 57 Fla. 60, 48 South. Rep. 998; Taylor v. Mathews, 53 Fla. 776, 44 South. Rep. 146.

An agreement for a lease of real estate may be specifically enforced when the agreement is evidenced by letters even though there as been no contract under seal and wit-

nessed; Hotel Halcyon Corporation et al., v. Miami Real Estate Co. — Fla. ——, 103 South. Rep. 403.

It appears to have been established that L. C. Gardner was agent in this transaction of R. C. Gardner, the owner and it apears that the acts of the agent were fully ratified by the owner in such a manner as to bind him to execute the lease in accordance with the agreement.

The law is well settled in this State that in a case where specific performance is sought against an owner to force the making of a lease in accordance with a prior agreement injunction will lie to restrain eviction proceedings. Farmers Bank & Trust Co., v. Palm Publishing Co. 86 Fla. 371, 98 South. Rep. 143; Hobbs & Co. v. Chamberlain, 55 Fla. 661, 45 South. Rep. 998.

Under the pleadings and proof submitted we feel that the decree of the Chancellor should be reversed with directions that a decree of specific performance by the execution of a lease in accordance with the terms of the agreement be entered and it is so ordered.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, J., concurs in the opinion

BROWN, C. J., disqualified.