C. C. PEDRICK, *Appellant,* v. J. H. VIDAL AND D. P. FAGAN, CO-PARTNERS TRADING AND DOING BUSINESS IN THE CITY OF GAINESVILLE, FLORIDA, UNDER THE FIRM NAME AND STYLE OF VIDAL'S GROCERTERIA, *Appellees.*

Division A.

Opinion Filed May 19, 1928.

*Hampton & Hampton,* Attorneys for the Appellant;

*Zach Douglas* and *W. S. Broome,* Attorneys for the Appellees.

Brown, J.—Appellees alleged in their bill that in November, 1923, they agreed with one Bush to purchase his grocery business provided they could secure a five year lease on the store building; that they so advised the owner, appellant here, and he agreed to and with appellees to execute and deliver to appellees a lease to said store building for the sum of $40.00 per month until January 1, 1924; $45.00 per month from January 1, 1924, to January 1, 1925, and $50.00 per month from January 1, 1925, said sums to be paid by appellees to appellant monthly. That after securing this agreement for lease, they bought the business from Bush, went into possession and spent $500.00 in making substantial improvements on the property and $1,500.00 for additional equipment, all with appellants knowledge; that they remained in possession as tenants of appellant, paying their rent to him promptly each month and he accepting it, in accordance with the terms of lease agreed on. That appellant never executed the written lease as he agreed to do, but in January, 1926, demanded $80.00 per month rent, and refused to accept $50.00 per month tendered for the months of January and February, 1926,

and notified appellees that they must vacate and surrender possession by March, 1926, whereupon the bill was filed, and prayed specific performance of the agreement to execute the lease and an injunction restraining the appellant from molesting their possession and from resorting to summary proceedings at law to evict them. The bill alleged that all rent due at the agreed rate was deposited in the registry of the court. Temporary injunction was granted. Demurrer was filed to the original bill, and an amended bill was filed. Demurrer to the amended bill was interposed and on hearing overruled. From this order this appeal was taken.

We think that the complainants in the court below were on the facts alleged entitled to the relief prayed, and that the orders complained of were without error.

The great weight of authority is to the effect that a court of equity will specifically enforce an oral agreement for the execution of a lease of real estate when the lessee has been put into possession and has paid rent and the lessor has accepted it, under the terms agreed on, where such terms are clearly and definitely alleged and proven. In this case there was another element that strengthens the claim to equitable relief; that is, the making of improvements on the property with the lessor's knowledge and acquiescence. But the putting of the lessees in possession and acceptance of payment of rents as orally agreed on is usually sufficient to take the case out of the statute of frauds. See Tate v. Jones, 16 Fla. 216; Maloy v. Boyette, 53 Fla. 956, 43 So. 243; Taylor v. Matthews, 53 Fla. 776, 44 So. 146; Demps v. Hogan, 57 Fla. 60, 48 So. 998; Clark & Lewis v. Gardner, 91 Fla. 1059, 109 So. 192; Reed v. Moore, 109 So. 86; Horne Haleyon Co. v. Miami Real Estate Co. 103 Sou. Rep. 403; 25 R. C. L. 258, 259, 284; Pomeroy Spec. Perf., 3rd Ed., Sections 96, 112, 115, 117, 118; Roberts v. Templeton, 80

Pac. 481, 3 L. R. A. (N. S.) 790 and note; Halligan v. Frey, 141 N. W. 944, 49 L. R. A. (N. S.) 112 and note. The reasoning underlying this doctrine is fully set forth in the authorities cited.

The filing of the amended bill did not operate to dissolve the temporary injunction granted on application and hearing upon the original bill and affidavits which by its terms was to continue in effect until the further order of the court. Under the practice in this State a temporary injunction or restraining order ordinarily continues in effect for the time fixed by the order granting it, and, if no time is limited, until the final hearing, unless sooner dissolved. Scarlett, v. Hicks, 13 Fla. 314, 32 C. J. 344.

Affirmed.

ELLIS, C. J., AND STRUM, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.