126 So.2d 167 (1961)
S. LEMEL, INC., a Florida corporation, et al., Appellants,
v.
27TH AVENUE FARMERS MARKET, INC., a Florida corporation, Appellee.
No. 60-65.
District Court of Appeal of Florida. Third District.
January 26, 1961.
Rehearing Denied February 10, 1961.
L.J. Cushman, Miami, for appellants.
Aronovitz, Aronovitz & Haverfield, Miami, for appellee.
CARROLL, CHAS., Judge.
This is an appeal from an order granting a motion to dismiss a complaint in equity and dismissing the complaint with prejudice. The determinative question is whether the complaint stated a cause of action.
Appellants, plaintiffs below, filed their complaint on December 30, 1959. It was alleged that they had held written leases on certain spaces for a period of one year which expired on or about October 28, 1959; that the defendant agreed orally with each of them on or about October 15, 1959, to execute new leases or renewals of their leases, on the same terms and conditions; that each remained in possession under such promise, and paid the stipulated monthly rent for the first two months of the renewal term, and that in addition the lessor continued to retain a rent security deposit; that they paid out moneys improving the leased premises and purchased merchandise *168 and equipment in reliance on the agreement; that appellee refused to accept rent for the third month, and demanded that appellants vacate the premises by December 31, 1959. The complaint sought an injunction against ouster, and specific performance of the alleged agreements for new or renewed leases.
Appellants contend that the complaint was sufficient under the case of Pedrick v. Vidal, 95 Fla. 952, 116 So. 857, where the Supreme Court said:
"The great weight of authority is to the effect that a court of equity will specifically enforce an oral agreement for the execution of a lease of real estate when the lessee has been put into possession and has paid rent and the lessor has accepted it, under the terms agreed on, where such terms are clearly and definitely alleged and proven. In this case there was another element that strengthens the claim to equitable relief; that is, the making of improvements on the property with the lessor's knowledge and acquiescence. But the putting of the lessees in possession and acceptance of payment of rents as orally agreed on is usually sufficient to take the case out of the statute of frauds (Rev.Gen.St. 1920, § 3872 [F.S.A. § 725.01]). See Tate v. Jones, 16 Fla. 216; Maloy v. Boyett, 53 Fla. 956, 43 So. 243; Taylor v. Matthews, 53 Fla. 776, 44 So. 146; Demps v. Hogan, 57 Fla. 60, 48 So. 998; Clark & Lewis v. Gardner, 91 Fla. 1059, 109 So. 192; Reed v. Moore [91 Fla. 900] 109 So. 86; Hotel Haleyon [Halcyon] Corp. v. Miami Real Estate Co., 89 Fla. 156, 103 So. 403; 25 R.C.L. 258, 259, 284; Pomeroy, Spec.Perf. (3d Ed.) §§ 96, 112, 115, 117, 118; Roberts v. Templeton, 48 Or. 65, 80 P. 481, 3 L.R.A. (N.S.) 790, and note; Halligan v. Frey, 161 Iowa 185, 141 N.W. 944, 49 L.R.A. (N.S.) 112, and note. The reasoning underlying this doctrine is fully set forth in the authorities cited."
Appellee argues that appellants, upon holding over after expiration of their written leases with only an oral agreement and no written authority, were tenants at sufferance and have no cause of action, because of § 83.04, Fla. Stat., F.S.A.[1] That statute provides that holding over after a period of tenancy under a written lease, "without renewing the said lease by some further instrument of writing" will result in a tenancy at sufferance, and that payment or acceptance of rent will not be construed to be a renewal of the term.
Without new written leases § 83.04, Fla. Stat., F.S.A., would relegate the lessees to tenants at sufferance. However, it was alleged that there was an oral agreement to make new leases on the same terms. It also appeared that the lessees were in possession and that rent had been paid and accepted. Those were circumstances recognized in Pedrick v. Vidal, supra, as sufficient to prompt specific performance of an agreement to make a written lease. That case is controlling,[2] and under its authority the plaintiffs stated a cause of action for specific performance of the new or renewal written leases.
Reversed.
*169 HORTON, C.J., concurs.
PEARSON, J., dissents.
PEARSON, Judge (dissenting).
I respectfully dissent from both the opinion and the conclusion reached by the court in this case.
The complaint on its face manifests that the appellants are holdover tenants, coming within the provisions of § 83.04 Fla. Stat., F.S.A. The portion of this statute which is applicable is as follows: "* * * and the tenant shall hold over in possession of said premises without renewing the said lease by some further instrument of writing then such holding over shall be construed to be a tenancy at sufferance, * * *." The fundamental question appears to be whether the holding over in possession of a tenant, together with the payment of rent, may be construed as part performance, in order to take the agreement for a new lease out of the statute of frauds.[1] In view of the clearly expressed legislative intent contained in § 83.04, it would appear that here the part performance is equally susceptible to the interpretation that it was pursuant to the Florida statute referred to. See Baker v. Clifford-Mathew Inv. Co., 99 Fla. 1229, 128 So. 827.
The complaint does set forth the additional allegation:
"That in reliance on their new terms of tenancy, each of the plaintiffs expended divers sums of money in improvement of their leased premises and in the purchase of merchandise for the ensuing season and in the purchase of equipment to further their retail enterprises, * * *."
However, this unilateral action of the tenants does not of itself take the cause out of the statute of frauds, which requires that an agreement to lease must be in writing. I would affirm.
NOTES
[1] "When any tenancy shall have been created by an instrument of writing and the term of which such tenancy is limited therein shall have expired and the tenant shall hold over in the possession of said premises without renewing the said lease by some further instrument of writing then such holding over shall be construed to be a tenancy at sufferance, and the mere payment or acceptance of rent shall not be construed to be a renewal of the said term, but if such holding over be continued with the written consent of the lessor then such tenancy shall become a tenancy at will under the provisions of this law."
[2] See also, Stone v. Barnes-Jackson Co., 129 Fla. 816, 176 So. 767; Crossman v. Fontainebleau Hotel Corp., 5 Cir., 1959, 273 F.2d 720; 49 Am.Jur., Specific Performance, § 121; 29 Fla.Jur., Specific Performance, § 90.
[1] Although the majority opinion treats the holding over of the tenant as the equivalent of the putting of the tenant into possession, in order that the circumstances of this case come within the purview of the rule expressed in Pedrick v. Vidal, 95 Fla. 952, 116 So. 857, in most jurisdictions, the courts regard the mere continuance of possession acquired or held under some other contract or right as referable to such contract or right and therefore as not constituting such part performance as will take the oral contract of lease out of the operation of the statute of frauds. See comment in 125 A.L.R., beginning at page 1471, and cases cited therein.