## ENGEL v. CHABNER.
No. 128682.

Small Claims Court, Dade County.
January 29, 1965.

Irving Waltman of Waltman, Cohen & Roberts, Miami, for plaintiff.

Arthur D. Frishman, Miami Beach, for defendant.

SIDNEY L. SEGALL, Judge.

Judgment is rendered in favor of the plaintiff for $210, plus $11 court costs. The evidence has developed the following material facts and contentions —

Plaintiff is suing for return of a "security deposit". Plaintiff (tenant) and defendant (landlord) entered into a written lease for an apartment on Miami Beach for a term of one year beginning the 1st of November, 1961, and ending the 31st of October, 1962. After the expiration of the lease plaintiff continued to occupy the leased premises until the latter part of May, 1964 at which time she vacated the premises and demanded the return of her security deposit.

At all times during her occupancy thereafter plaintiff paid and defendant accepted rent in the amount provided for in the original written lease. Defendant contends that there was a renewal of the existing lease, and counterclaims for three months rent (June, July, August, 1964). Defendant concedes that he rented the apartment from September 1, 1964 for the balance of the alleged renewal period and does not seek recovery for the months of September and October, 1964.

Defendant also counterclaims for damages in the amount of $200 to a rug, draperies, and upholstered furniture allegedly caused by plaintiff's negligence.

Defendant seeks to apply the two months security deposit to the alleged unpaid rent (in the amount of $315) and seeks to recover the amount of $305 (one months rent and the alleged damages).

Plaintiff contends that she did not renew the lease and cites §83.04 F. S. as controlling, and further contends that after the expiration of the original lease she was a tenant at sufferance because the parties hereto did not enter into any written agreement extending or renewing the original lease.

The only question for the court to decide is whether or not there was any evidence of any agreement and conduct of the parties thereunder that would take this case out of the requirements of §83.04 F. S.

Plaintiff's testimony clearly negates any agreement of the parties to renew the original lease — in fact, the plaintiff's testimony clearly shows that the parties discussed another apartment in the same building. In support of her position, plaintiff testified that the defendant promised to give her an apartment on the first floor, and that she entered into no agreement to renew the original lease.

Defendant testified that he verbally agreed to renew the lease and that the plaintiff had a right to apply the security deposit to a renewal term. Defendant further testified that he did not ask the plaintiff to sign another written lease and stated that he had apartment no. 6 on the first floor available but that he never rents on a monthly basis.

Defendant contends that S. Lemel Inc. v. 27th Avenue Farmers Market, Inc. (Fla.), 126 So.2d 167, governs the determination of this case. In that case the court specifically enforced an oral agreement to renew. Analysis of that case, however, discloses that there was in fact an oral agreement between the parties thereto to make a new lease on the same terms. Moreover, an analysis of the cases cited in that case also shows that there were, in fact, oral agreements between the parties in the respective cases which the court specifically enforced.

The court has examined the cases cited in the memoranda of authorities submitted by counsel. The reasoning of the United States Court of Appeals in Minsky Follies v. Sennes, 206 Fed. 2d, is more applicable to the facts of this case. In that case the tenant sought to recover damages for an alleged breach of an oral agreement to enter into a lease of realty for a period longer than one year. The court held that the facts did not take the case out from under the Statute of Frauds (§725.01 F. S.), and said —

"It follows that in so far as plaintiff sues for loss of use of the premises, there can be no recovery for the reason that the action in this respect is in effect one to enforce the lease. To allow such a recovery would amount to an indirect enforcement of the lease, thus subverting the statute."

The evidence compels a finding that the parties did not enter into an agreement to renew the lease, and that plaintiff's occupancy after the expiration of the original lease was that of a tenant at sufferance. There was no evidence of any conduct on the part of the parties that would take this case out of the requirements of §83.04. To allow the defendant to retain the security deposit would be tantamount to an indirect enforcement of a renewal lease, thus subverting the provisions of §83.04, which require the *written consent* of the lessor.

Defendant counter-plaintiff (defendant herein) has failed to sustain the allegations that "she [plaintiff] did carelessly, recklessly and negligently damage the aforementioned premises by ruining the rug, draperies and upholstered furniture, . . . in the sum of two hundred dollars" by a preponderance of competent evidence.

On the basis of the foregoing findings of fact and conclusions of law plaintiff is entitled to recover the security deposit.