ROSA KALIL, JOINED BY HER HUSBAND, J. KALIL, *Appellants*, v. FLORIDA NATIONAL BANK OF GAINESVILLE, FLORIDA, J. B. BARTON AND C. J. BARTON, *Appellees*.

Opinion Filed April 15, 1921.

Where the allegations of the bill of complaint and the admissions of a demurrer thereto, as to the signing of the necessary writings, show a right to specific performance of a contract to convey lands, the demurrer should not be sustained.

An Appeal from the Circuit Court of Suwanee County; M. F. Horne, Judge.

Reversed.

*J. B. Johnson,* for Appellants;

*E. G. Baxter* and *Chas. E. Davis,* for Appellees.

WHITFIELD, J.—In a bill of complaint brought by appellants for specific performance of a contract for the sale of real estate, it is in effect alleged that on June 29, 1920, the Florida National Bank owned land described, viz: "Beginning at a point on the west side of Ohio avenue seventy-five feet south of the intersection of Ohio avenue and Connor street and running from thence south along the west side of Ohio avenue thirty feet, thence west at right angles to Ohio avenue ninety-eight feet, thence north parallel with Ohio avenue thirty feet, thence eastward ninety-eight feet to point of beginning, said lot being known as 'Byrd Store Lot' all in Block 'A' of the City of Live Oak, Florida. Which said lot was commonly known and designated the 'Barton burned store property,' or 'The burned store building of' Barton Investment Company, or like designation;" that complainant "desiring to purchase said property, the said burned store building and lot, did secure the services of one Arnold P. Mickler of Live Oak, Florida, to negotiate with the said defendant, Florida National Bank of Gainesville, looking to the purchasing of said property; that on the 26th day of June, 1920, the said defendant, Florida National Bank of Gainesville, by J. M. Fennell its Vice-President and Cashier, did write letter to your orators agent, Mr. Arnold P. Mickler, as follows: Gainesville, Fla., June 26th, 1920. If you are now in position to submit an offer for the Barton property—the burned piece, or both, would be pleased to receive same.

"That your orator, J. Kalil, together with your orator's agent, Arnold P. Mickler, in answer to the said letter, and looking to making a purchase of the property hereinbefore described, did, on the 29th day of June, 1920, go to Gainesville, Fla., and call on the said defendant, Florida

National Bank of Gainesville and offer for the said property as follows: That your orators would pay to the said defendant, Florida National Bank of Gainesville, the sum of Forty-seven Hundred and Fifty Dollars for said property, paying Two Thousand Dollars of said amount in cash and the balance in monthly payments, which offer by your orators was then and there accepted by the said defendant, Florida National Bank of Gainesville, and the said Florida National Bank of Gainesville, by and through its Vice-President and Cashier, J. M. Fennell, did then and there deliver to your orator, J. Kalil, and to your orator's agent, Arnold P. Mickler, the following writing, or letter, as evidencing that said contract, which said letter was as follows:

"Gainesville, Fla., June 29th, 1920.
"Col. John F. Harrell,
    Live Oak, Fla.

Dear Sir:

We have sold the lot formerly owned by the Barton Investment Co., on which is located the burned building, to Jake Kalil for $4,750, payable $2,000.00 in cash and we want to take mortgage for the balance for 90 days, as he want to reduce it monthly. Make mortgage provide for renewals. You may collect the $2,000.00, pay up all outstanding taxes against this property as well as the brick store, deduct all expenses and remit us the balance.

"Thanking you, we remain,

                    Yours very truly,.
                        J. M. FENNELL,
                        Vice-President and Cashier.

"That said letter was then and there delivered to your orator, J. Kalil, and your orators' agent, Arnold P. Mickler, for delivery to the said John F. Harrell, at Live Oak, Fla. That at the time of the delivery of the said above letter to your orator, J. Kalil, and their agent, the attention of the said J. M. Fennell was called to the fact that the name was J. Kalil and not 'Jake Kalil' as designated in said letter. That it was then and there agreed that this error in name should make no difference. It was further then agreed that the deed should be made to any party as grantee that might be selected by said Kalil.

"Your orators would further show that on same date, June 29th, 1920, the said J. M. Fennell, as Vice-President and Cashier of the said defendant, Florida National Bank of Gainesville, did write further to said John F. Harrell, as follows:

"Gainesville, Fla., June 29th, 1920.

"Col. John F. Harrell,

Live Oak, Fla.

Dear Sir:

I hand you herewith two of our form of notes, which you may use in connection with making the mortgage from Kalil.

Yours very truly,

J. M. FENNELL,
Vice-President and Cashier.

"All of which letters were on the business letter-heads of said defendant bank.

"Now your orators would respectfully show that they brought the said first above quoted letter, same being

brought by your orator, J. Kalil, and your orators' agent, Arnold P. Mickler, and did immediately deliver said letter into the hands of the said Col. John F. Harrell, and that your orators further secured a certified, or cashier's check from the Commercial Bank of Live Oak, Fla., for the sum of $2,000.00, paying and delivering to said bank for said check the sum of $2,000.00 in cash, and did then and there deliver the said $2,000.00 check to the said John F. Harrell as the cash payment for said property; and that the said John F. Harrell did then and there accept the said $2,000.00 check as such cash payment and did then and there draft deed of conveyance to the said *property hereinbefore* described, same being the property so contracted to be sold and conveyed by said defendant, Florida National Bank of Gainesville, to your orators, said deed being a deed of conveyance of the said described property from the said Florida National Bank of Gainesville to your orator, Rosa Kalil, and that the said defendant, Florida National Bank of Gainesville, did then and there cause said deed to be properly executed and did return same to the said John F. Harrell for delivery to your orators; the said John F. Harrell, for the said defendant bank, still holding the cash payment of $2,000.00, delivered to him by your orators.

"That on the 6th day of July, 1920, the said defendant bank, by the said J. M. Fennell, did write the following letter:

"Gainesville, Fla., July 6th, 1920.
"Hon. John F. Harrell,

Live Oak, Fla.

Dear Sir:

Herewith deed executed, you will please have mortgage executed before sending to us, and oblige.

Yours very truly,

J. M. FENNELL,
Viive-President and Cashier.

. "That on July 19th, 1920, the said defendant bank, by its said Vice-President and Cashier, wrote the following letter to the said John F. Harrell:

"Gainesville, Fla., July 19th, 1920.
"Hon. John F. Harrell,

Live Oak, Fla.

Dear Colonel:

Replying to yours of the 16th, beg to say that I will telegraph you tomorrow what to do with the deed. When I made the trade I had no idea of ever reconding the deal, but Mr. Barton has plead so hard, as I expected he would do, coupled with the fact that he tells me Kalil is being sued on a note he owed the Live Oak Citizens Bank, I feel it would be somewhat justified in conveying the property to Barton, as he has always been so anxious to arrange to handle the store property. I am sorry that the telephone service is so unsatisfactory that we could not discuss the matter over the 'phone.

Yours very truly,

J. M. FENNELL,
Vice-President and Cashier

"Now your orators would further show that in pursuance to the suggestion in the last above letter, and pending the drafting and execution of the mortgage to secured the balance due on said purchase price, as agreed upon, the said defendant bank caused the said deed to be recalled, and did then and there refuse to consummate the said contract to sell and convey the said above mentioned and described property to your orators as it had contracted and agreed to do.

"That your orators had paid the $2,000.00 cash agreed on and was then and there willing, and offered, to execute the note and mortgage for the balance due of $2,750.00 and still stands ready to carry out and consummate their part of said contract; that the said defendant, J. B. Barton, learned, and became advised, of the contract and agreement by the said defendant, Florida National Bank of Gainesville, Florida, to sell and convey the said mentioned and described property to your orators, and being so advised did then and there call upon the said defendant bank and did conspire with and persuade the said bank to rescind, or refuse to carry out, said contract to sell and convey said property to your orator, Rosa Kalil and that the said defendant bank, and the said defendant, J. B. Barton, did confederate and conspire together to refuse to convey said property to your orators, and that they did then and there agree to, and did have executed, a deed of conveyance to the said property hereinbefore mentioned and described, being the same burned store property contracted and agreed by the said defendant bank to convey to your orators, conveying the said property to the said defendant, C. J. Barton, of Valdosta, Georgia; that said deed from the said defendant bank to the said C. J. Barton was dated July 20th, 1920, and

was, on the 2nd day of August filed for record and recorded in the public records of Suwannee County, Florida, in the office of the Clerk of the Circuit Court, in Record of Deeds No. 3, on page 46; that the said deed of conveyance from the said defendant bank to the said defendant C. J. Barton, with a knowledge and notice upon the part of each of the said defendants of the prior contract and agreement by said bank to deed and convey said property to your orators; that the said deed of conveyance to the said C. J. Barton was made to the said C. J. Barton at the instance, request and instigation of the said defendant, J. B. Barton, and that the said property is so deeded to, and title held by, the said C. J. Barton for the benefit of the defendant, J. B. Barton, and that the said defendant C. J. Barton holds the title to the said property for the benefit of, and in secret trust for, the said defendant, J. B. Barton, and that said property was so taken, and the deed thereto executed to the said C. J. Barton with a full knowledge upon the part of all said defendants that there was a valid and binding contract and agreed between the said defendant bank and your orators to sell and convey said property to your orators. And that the action of the said defendants in the premises is a fraud upon the rights of your orators."

Appropriate relief was prayed.

Demurrers to the bill of complaint were sustained and the complainants appealed.

The demurrers admit the allegations as to the terms and price to be paid and that the land described in the declaration was included in a deed of conveyance executed by the vendor to Rosa Kalil and sent to vendor's agent "for delivery to your orators." The deed of conveyance

was a contract in writing that did not require actual delivery to vendee to make it effective as an instrument in writing and signed by the party to be charged under the statute of frauds. The vendor caused the deed to be executed "and did return same to the said John F. Harrell for delivery to your orators."

If the quoted letters were insufficient to satisfy the statute of frauds, the executed conveyance was sufficient, and part payment as stipulated was made.

The admissions of the demurrers show that the complainants were entitled to specific performance, and to other appropriate relief. See Ullendorff v. Graham, 80 Fla. 845, 87 South. Rep. 50.

Reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.