E. G. REED, JOINED BY HER HUSBAND, J. A. REED, *Appellants*, v. A. B. MOORE, *et al., Appellees.*

E. G. REED, JOINED BY HER HUSBAND, J. A. REED, AND PENINSULAR STATE OIL COMPANY, A CORPORATION UNDER THE LAWS OF THE STATE OF FLORIDA, *Appellants*, v. J. R. MCCULLAR AND A. B. MOORE, *Appellees.*

J. E. PEACOCK, AS COUNTY JUDGE IN AND FOR VOLUSIA COUNTY, FLORIDA; J. A. REED AND E. G. REED, HIS WIFE, AND PENINSULAR STATE OIL CORPORATION, ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF FLORIDA, AND HAVING AN OFFICE AND PLACE OF BUSINESS IN VOLUSIA COUNTY, FLORIDA, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *ex rel.*, A. B. MOORE, *Defendant in Error.*

Division B.

Opinion Filed May 11, 1925.

*Cooper, Knight, Adair, Cooper & Osborne, Sholtz & Green* and *Cyril C. Copp,* for Appellants;

*Landis, Fish & Hull* and *L. C. Crofton,* for Appellees.

WHITFIELD, P. J.—It appears that the controversy in three cases involve the interpretation of the following instruments:

"THIS LEASE, Made this 31st day of January, A. D. 1921, by and between J. B. McCollough, herein called the lessor, and H. A. Pillar and H. C. Jernigan, herein called the lessees,

"WITNESSETH, That in consideration of the covenants herein contained, on the part of the said lessees to be kept and performed, the said lessor does hereby lease to the said lessees the following described property:

"Lot One (1) and West Ten (10) feet of Lot Two (2), Block Three (3), Rogers Daytona, as of record in the public Records of Volusia County, Volusia, and more particularly described as the Lot Sixty (60) feet by one hundred (100) feet on the Northeast corner of Fairview Avenue and North Beach Street, Daytona, Florida, at the present time occupied by McCollough's Garage, together with all the buildings, easements and appurtenances thereto belonging; together with all of the gasoline pumps and oil equipment now located on this said property.

"TO HAVE AND TO HOLD the same for the term of Five (5) years from the 10th day of February, A. D. 1921, together with the opinion of renewing this lease for a further term of five years at the expiration of this lease, the said lessee paying therefor the monthly rent of One Hundred ($100.00) Dollars, payable in advance.

"And the said lessees covenant with the said lessor to pay the said rent in monthly payments of One Hundred Dollars in advance on the 10th day of each and every month for the said term, the first payment to be made on the 10th day of February; to make no unlawful, improper or offensive use of the premises; to assign this lease or to sublet any part of said premises without the written consent of the lessor; not to use said premises for any other purposes than as a ———, and to quit and deliver up said premises, at the end of said term in as good condition as they are now (ordinary wear and decay and damage by the elements only excepted). And the said lessees hereby covenant and agree that if default shall be made in the payment of the rent as aforesaid, or if the said lessees shall violate any of the covenants of this lease, then said lessees shall become tenant at sufferance, hereby waiving all rights of notice, and the lessor shall be entitled immediately to re-enter and retake possession of the demised premises.

"See additional covenants attached hereto and made a part hereof.

"WITNESS our hands and seals this 31st day of January, A. D. 1921.

Signed, sealed and delivered in presence of

Alfred A. Green

J. R. McCullar     (Seal)
H. C. Jernigan     (Seal)
H. A. Pillars      (Seal)

State of Florida,
County of Volusia:

"I .HEREBY CERTIFY That on this day personally appeared before me, an officer duly authoritzed to administer oaths and take acknowledgments, J. R. McCollough, H. A. Pillar and H. C. Jernigan, to me well known as the persons described in and who executed the foregoing lease, and they acknowledged before me that they executed the same for the purposes therein expressed.

"IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal at Daytona, Florida, said County and State, this 31st day of January, A. D. 1921.

ALFRED A. GREEN,
Notary Public, State of Florida at Large.

My Commission expires February 12, 1924.

(Attached to the instrument is the following):

"Additional covenants to lease between J. R. McCollough, party of the first part, and H. A. Pillar and H. C. Jernigan, parties of the second part:

"It is further covenanted and agreed by and between the parties hereto and made a part of the consideration hereof that the parties of the second part shall have the option of purchasing these premises, together with all of the buildings, easements, appurtenances and easements thereto belonging, at any time during the first five years of this lease in consideration of their paying to the party of the first part the sum of Fifteen ($15,000.00) Thousand Dollars; and that the parties of the second part shall make any changes or alterations in the premises that they shall desire, provided that any such changes shall be made at the expense of the parties of the second part, alone.

(Endorsed on the back is the following):

State of Florida,
St. Johns County.

I, Jeannette L. Jernigan, as Executrix of the Estate of

H. C. Jernigan hereby, for a valuable consideration, assign to F. B. Moore of Daytona, Florida, all the right, title and interest of the late H. C. Jernigan which he had or held and which is now held by me as said Executrix. It is intended herein to transfer absolutely all said interest to said F. B. Moore.

: ''IN WITNESS WHEREOF, I have as said Executrix hereunto set my hand and seal this 25th day of June, A. D. 1921.

JEANETTE L. JERNIGAN,
Executrix of the Estate of H. C. Jernigan, Deceased.
Signed, sealed and delivered in presence of:

P. R. Perry,
Emma May Pacetti.

State of Florida,
County of St. Johns.

''I HEREBY CERTIFY, That on this day personally appeared before me, an officer duly authorized to administer oaths and take acknowledgments, Jeanette L. Jernigan, to me well known to be the person described in and who executed the foregoing instrument, and she acknowledged before me that she executed same freely and voluntarily for the purposes therein expressed as such executrix of the estate of H. C. Jernigan, deceased.

P. R. PERRY,
Notary Public, State of Florida.
My Commission expires March 14th, 1925.

''Assignment of Lease and Release.
State of Florida,
County of St. Johns:—SS.

''KNOW ALL MEN BY THESE PRESENTS, That I, H. A. Pillars, joint lessee and tenant in common with H. O. Jernigan, now deceased, in a certain contract of lease with J. R. McCollough, lessor, dated 31st day of January,

A. D.1921, and recorded in public records of Volusia County, State of Florida, in Deed Book 96, page 356, thereof, covering the following premises in the City of Daytona, Volusia County, State of Florida:

"Lot one (1) and West ten (10) feet of Lot Two (2), Block Three (3) Rogers Daytona, as of record in the Public Records of Volusia County, Volusia, and more particularly described as the Lot Sixty (60) feet by One Hundred (100) feet on the Northeast Corner of Fairview Avenue and North Beach Street, Daytona, Florida, at the present time occupied by McCollough's Garage, together with all buildings, easements and appurtenances thereunto belonging; together with all of the gasoline pumps and oil equipment now located on this said property, for and in consideration of Three Hundred ($300.00) Dollars, to me in hand paid, the receipt whereof is hereby acknowledged, do hereby sell, assign, and convey unto Fulton B. Moore, of Daytona, Volusia County, Florida, his heirs and assigns, all my right, title and interest in, to and under the said contract of lease with J. R. McCollough, including all rights of action or otherwise to me accrued or hereafter to accrue thereunder, together with all other rights of whatever nature or kind under said contract of lease in connection therewith or in the making thereof.

"I further hereby release and forever discharge the said Fulton B. Moore, his heirs, executors and administrators of and from all and all manners of actions and causes of actions, suits, debts, dues covenants, contracts, claims and demands whatsoever in law or equity which against the said Fulton B. Moore I ever had, now have, or which my heirs, executors, administrators or assigns, or any of them, hereafter can, shall or may have, for or by reason of any cause, matter or thing whatsoever, to the date of these presents.

"IN WITNESS I have hereunto set my hand and seal this 13th day of January, A. D. 1922.

H. A. PILLARS.

Signed, sealed and delivered in the presence of:

Reginald White

Robt. B. Meserve."

Fulton B. Moore assigned his rights and interest to the Peninsular State Oil Company, which company assigned to E. G. Reed, a married woman.

On November 28, 1922, J. R. McCullar and wife conveyed the land to A. B. Moore with warranties against "all former and other grants, titles, charges, estates, judgments, taxes, assessments and incumbrances of what nature and kind soever.

"EXCEPTING a certain mortgage for three thousand dollars ($3,000) held by the estate of D. D. Rogers, also a certain option held by H. A. Pillar and H. C. Jernigan."

The following notices were given:

"Daytona, Florida,

November 22, 1924.

"NOTICE TO QUIT.

"To Peninsular State Oil Company,

J. A. Reed,

Hudson & Essex Garage.

"Gentlemen:

"You and each of you please take notice that you are hereby required to deliver up possession and quit and surrender to me the lots, pieces or parcels of land and houses and buildings thereon with the appurtenances thereunto belonging (and all gasoline pumps and oil equipment) located upon the property hereinafter described on the 31st day of January, A. D. 1921, which said land and premises is located and situate in Daytona, Volusia County, Florida, and more particularly described as follows, to-wit:

"Lot One (1) and the West Ten (10) feet of Lot Two (2), Block Three (3), Rogers' Daytona, as of record in the public records of Volusia County, Florida, and more particularly described as a lot Sixty (60) feet by One Hundred (100) feet on the northeast corner of Fairview Avenue and North Beach Street, Daytona, Florida.

"Any tenancy you may claim to said above described lands and premises is hereby terminated and you and each of you are hereby required to move from and quit the same on or before the 10th day of December, A. D. 1924.

"Dated at Daytona, Florida, this 22 day of November, A. D. 1924.

A. B. MOORE."<br>
"Daytona, Florida,<br>
November 22, 1924.

"NOTICE OF WITHDRAWAL OF OFFER.

*"TO Peninsular State Oil Company,

J. A. Reed,

Hudson & Essex Garage.

"Gentlemen:

"You and each of you are hereby notified that I, as owner of the lands and premises hereinafter described, withdraw the offer contained in the purported lease dated the 31st day of January, A. D. 1921, said offer being designated in said pretended lease, of which it forms a part, as an option to purchase within five years after the date thereof, for Fifteen Thousand ($15,000.00) Dollars, the following described lands and premises in Volusia County, Florida, to-wit:

"Lot One (1) and the West Ten (10) feet of Lot Two (2), Block Three (3) Rogers' Daytona, as of record in the public records of Volusia County, Florida, and more particularly described as a lot Sixty (60) feet by One

Hundred (100) feet on the northeast corner of Fairview Avenue and North Beach Street, Daytona, Florida, together with all buildings, easements and appurtenances thereunto belonging and all gasoline pumps and oil equipment located on said property.

"Dated this the 22 day of November, A. D. 1924.

"A. B. MOORE."

On December 12, 1924, proceedings were brought by A. B. Moore in the County Judge's Court to oust the tenants. An answer upon equitable grounds was filed in the proceedings in the County Judge's Court, and a motion was made to strike such defense upon equitable grounds. The County Judge declined to pass on the motion to strike on the ground that he could not rule upon an equitable defense, and peremptory writ of mandamus was properly issued by the Circuit Judge to require the County Judge to act, he not being disqualified to act because of the equitable nature of the plea or answer filed in the proceedings before the County Judge. A writ of error was taken to the final order granting the peremptory writ of mandamus and such final order being proper will be here affirmed.

On December 13, 1923, E. G. Reed joined by her husband, J. A. Reed, and Peninsular State Oil Company, a corporation, brought a bill of complaint against J. R. McCullar and A. B. Moore to specifically enforce the execution of a lease on the premises based upon the instrument called a lease, which was attested by only one witness, the intended lessees and their assigns having been and remained in possession of the premises pursuant to the terms of the lease contract. Incidental relief was also sought upon allegations contained in the bill of complaint. A demurrer to the bill of complaint was sustained and the complainants appealed.

On March 6, 1925, E. G. Reed, joined by her husband, J. A. Reed, brought a bill of complaint against J. R. Mc-Cullar, H. A. Pillars, Jeanette L. Jernigan, a widow, individually and as executrix of H. C. Jernigan, deceased; Fulton B. Moore, Peninsular State Oil Company, a corporation, and A. B. Moore, to specifically enforce the option to purchase provided for in the lease contract and for incidental relief. A demurrer to the bill of complaint was sustained and the complainants appealed.

The statutes contain the following: ''No estate or interest of freehold, or for a term of years of more than two years, or any uncertain interest of, in or out of any messuages, lands, tenements or hereditaments shall be created, made, granted, transferred or released in any other manner than by deed in writing, signed, sealed and delivered in the presence of at least two subscribing witnesses,'' &c. Sec. 3787, Rev. Gen. Stats., 1920.

''No action shall be brought* * *upon any contract for the sale of lands * * * or for any lease thereof for a period longer than one year * * * unless the agreement * * * be in writing and signed by the party to be charged'' &c. Sec. 3872, Rev. Gen. Stats., 1920

While the lease attested by only one witness was not effectual as an executed conveyance of the term, it was effectual as a contract to lease and the lessee having possession under the contract may have specific performance, no forfeiture being shown. Drentzer v. Lawrence, 58 Wis. 594; 21 R. I. 283; 36 Oregon 457; 11 So. 377; 6 So. 195; Pom. Spec. Per. (3rd Ed.) p. 26. See Kalil v. Florida Nat. Bank of Gainesville, 81 Fla. 543, 88 South. Rep. 383. The assignments to the successive assignees were at least in equity sufficient to pass the interest in the contract to lease, and the grantee, A. B. Moore, took the title subject to the contract to lease and accepted rents from the as-

signee in possession under the contract to lease, therefore such assignee is entitled to specific performance of the contract against the grantee of the fee simple title, and is entitled also to appropriate incidental relief. Drake Lumber Co. v. Branning, 66 Fla. 543; 64 South. Rep. 263; Drake v. Brady, 57 Fla. 393, 48 South. Rep. 978. Like principles apply to the contract to renew the lease. See 80 Fla. 845, 86 Fla. 371.

No. 532 is reversed;

No. 391 is reversed;

No. 2939 is affirmed.

TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.