PEARSON, Chief Judge.
The appellant, defendant in the trial court, urges on this appeal that the court misinterpreted the legal effect of a lease. The appellant is the owner of a neighborhood shopping center and is appellee’s landlord. The complaint filed by the appellee tenant prayed for an injunction to prevent the landlord from leasing an adjacent store space for a business which would be in direct competition with the appellee. After trial the court entered the injunction prayed for and this appeal followed.
*301 Paragraph 22 of the lease between the parties provided:
“Premises shall he used for the following purposes and no other: sale of fruit juices, souvenirs, handbags, greeting cards, sundries, film, beachwear, tobacco, newspapers and magazines, fruit shipping products, gifts and novelties, fruit salad, package icecream, bottled sodas, and candy; it being clearly the intent of the parties that the Tenant may sell no food other than that set out herein, and further, may sell nothing that competes with any other tenant in the building in which the demised premises are located.”
The court concluded as a matter of law that this paragraph was an agreement imposing “reciprocal obligations; on the tenant to sell in conformity therewith, and on the landlord not to install the Plaintiff tenant’s competition in the center.” We agree with this conclusion.
A court should give the terms of a contract a reasonable construction, a construction that will not give one party an unfair advantage over the other, and should avoid giving a construction that would lead to absurd results. James v. Gulf Life Ins. Co., Fla.1953, 66 So.2d 62. As the trial court observed, if a competing business were permitted in a store adjacent to ap-pellee’s the appellee would be in violation of his lease by continuing his own business. Such an unreasonable and absurd result cannot have been the intention of the parties. The only interpretation of paragraph 22 that will accord with the principles stated in the James case is the reasonable interpretation made by the trial court.
We have examined all points the appellant has raised and concluded that they do not demonstrate reversible error.
Affirmed.