791 So.2d 512 (2001)
Gaetano TUSA, Appellant,
v.
Ralph ROFFE and KKA, Inc., a Florida corporation, Appellees.
Nos. 4D00-2112, 4D00-2113 and 4D00-3005.
District Court of Appeal of Florida, Fourth District.
July 18, 2001.
Rehearing Denied August 22, 2001.
*513 Dennis B. Freeman of Dennis B. Freeman, P.A., Aventura, for appellant.
Michael E. Samuel, Hollywood, for appellee Ralph Roffe.
Stanley G. Swiderski of Law Office of Stanley G. Swiderski, P.A., Hollywood, for appellee KKA, Inc.
POLEN, C.J.
In this consolidated appeal, Gaetano Tusa, the lessee of real property used for a pizza restaurant, appeals from an order striking and dismissing its claims for declaratory and injunctive relief against its lessor, Ralph Roffe, and Roffe's other lessee, KKA, Inc. ("appellees"), and also from an order granting Roffe attorney's fees. We affirm in part and reverse in part.
In October, 1997, Tusa entered into a ten-year business lease, to commence in January, 1998, with the intention of opening a pizza restaurant known as "Rocco's Pizza." The Tusa/Roffe lease contained the following restrictive provision:
There shall be no restrictions against other restaurants opening on the premises owned or controlled by the lessor. Except, that there shall be a prohibition from any other party on the premises from selling pizza, other than Rocco's Pizza at 203-205 Johnson St., Hollywood, Fl.
Thereafter, in December, 1997, Roffe leased space in the same building to KKA for a restaurant called "The Oasis," which sold pizza. The Roffe/KKA lease contained the following provision:
Under no circumstances shall the Lessee make or sell seafood, pizza ... on said Leased Premises....
*514 After Tusa discovered that The Oasis sold pizza in his building, and after Roffe refused to take any action against KKA, Tusa filed suit for injunctive relief against Roffe and KKA, alleging that they breached the restrictive covenants in the Tusa/ Roffe and the KKA/Roffe leases.
KKA then moved for summary judgment. It noted that the there was no privity of contract between it and Tusa and argued that Tusa could not enforce the restrictive covenant in the KKA/Roffe lease as a third-party beneficiary under section 542.335(1)(f), Florida Statues (Supp.1996). The trial court agreed that and found that Tusa's third-party beneficiary claim against KKA failed under section 542.335 because the restrictive covenant in the KKA/Roffe lease did not expressly identify Tusa as a third-party beneficiary nor state that its purpose was for the intended benefit of Tusa. The court, therefore, granted KKA's motion for summary judgment.
Tusa, however, then sought to amend his complaint to add a new count for declaratory relief requesting the court to determine the rights of the parties under the leases. In response, KKA moved to strike or dismiss the amended complaint claiming that the trial court already ruled on the issue when it granted KKA's motion for summary judgment. Additionally, Roffe moved to strike Count II of the amended complaint, and also for summary judgment on the entire amended complaint claiming he did not breach the Tusa/Roffe lease. The trial court subsequently granted all three motions and, thereafter, entered a final order striking and dismissing all of Tusa's claims. The court also awarded Roffe $11,075 in attorney's fees. This timely appeal followed.
We hold that the trial court properly dismissed Tusa's claims against KKA. Section 542.335, which governs the enforcement of restrictive covenants pertaining to businesses entered into after July 1, 1996, explicitly provides,
(f) The court shall not refuse enforcement of a restrictive covenant on the ground that the person seeking enforcement is a third-party beneficiary of such contract or is an assignee or successor to a party to such contract, provided:
1. In the case of a third-party beneficiary, the restrictive covenant expressly identified the person as a third-party beneficiary of the contract and expressly stated that the restrictive covenant was intended for the benefit of such person.

§ 542.335(1)(f)1., Fla. Stat. (emphasis added).
In this case, there is no contractual privity between KKA and Tusa. Further, the Roffe/KKA lease does not identify Tusa as a third-party beneficiary or state that the restrictive covenant was intended for Tusa's benefit. Accordingly, we hold that, under section 542.335(f)(1), Tusa has no viable claim against KKA.[1]
Although Tusa has no viable claim against KKA under section 542.335, we hold that section provides a viable claim for injunctive relief against Roffe. In order to enforce a restrictive covenant, the plaintiff must plead and prove a "legitimate business interest"[2] justifying the *515 covenant and that the specified restraint is reasonably necessary to protect the legitimate business interest justifying the restriction. § 542.335(1)(b),(c), Fla. Stat. In this vein, courts shall construe restrictive covenants in favor of providing reasonable protection to all legitimate business interests established by the person seeking their enforcement. § 542.335(1)(h), Fla. Stat. Courts shall then enforce restrictive covenants against the party who signed the writing containing the covenant by any appropriate and effective remedy, including injunctive relief. § 542.335(1)(a),(j), Fla. Stat.
In this case, it is undisputed that the restrictive covenant in the Tusa/Roffe lease was created to protect Tusa from losing customers to another restaurant that sold pizza on the same premises as his restaurant, which is a "legitimate business interest" under section 542.335(1)(b)3. The only reasonable interpretation of the covenant's language that would support its protective purpose is if Roffe was prohibited from leasing space to another restaurant that sold pizza in the same building as Tusa's restaurant. See White Star Realty Co. v. Schreiber, 229 So.2d 300, 301 (Fla. 3d DCA 1969)(holding courts should give the terms of a contract a reasonable construction that will not give one party an unfair advantage over the other or lead to absurd results).
Because Roffe knew that KKA was selling pizza on the same premises as Tusa's restaurant,[3] we hold that Roffe breached the Tusa/Roffe restrictive covenant by not ordering KKA to discontinue selling pizza or face eviction. Accordingly, we reverse with directions to allow the case to proceed against only Roffe.
AFFIRMED IN PART AND REVERSED IN PART.
STONE and GROSS, JJ., concur.
NOTES
[1] While we note that KKA sought dismissal of the suit as to them, and are entitled to that relief, we also question whether it is in their (KKA's) best interests, much less whether it serves judicial economy. Because we are reversing as to Tusa's claims against Roffe, the trial court may ultimately enter an injunction forcing Roffe to terminate KKA's lease. If KKA is not a party, that likely would require a second lawsuit.
[2] Section 542.335(1)(b) explains that a "legitimate business interest" includes, but is not limited to:

1. Trade secrets, as defined in s. 688.002(4).
2. Valuable confidential business or professional information that otherwise does not qualify as trade secrets.
3. Substantial relationships with specific prospective or existing customers, patients, or clients.
4. Customer, patient, or client goodwill associated with:
a. An ongoing business or professional practice, by way of trade name, trademark, service mark, or "trade dress";
b. A specific geographic location; or
c. A specific marketing or trade area.
5. Extraordinary or specialized training. Any restrictive covenant not supported by a legitimate business interest is unlawful and is void and unenforceable.
§ 542.335(1)(b), Fla. Stat.
[3] It appears there are two joined parts of KKA's restaurantthe original Oasis premises which is in a building owned by KKA and not subject to Roffe's lease, and an adjoining 29-seat portion which is within the Roffe shopping center and subject to the lease. Tusa's counsel agrees any relief granted would apply only to the 29-seat portion under the lease.