# Third District Court of Appeal

## State of Florida

Opinion filed February 9, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1294
Lower Tribunal No. 21-6627
_____

## Law Offices of Kravitz & Guerra, P.A., etc.,
Appellant,

vs.

## Cecilia Brannon, et al.,
Appellees.

An Appeal from non-final orders from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Law Offices of Kravitz & Guerra, P.A., Genilde E. Guerra and Edith E. Sheeks, for appellant.

EPGD Attorneys at Law, P.A., and Joanna Andrade Lehmann, for appellees.

Before LOGUE, LINDSEY and GORDO, JJ.

GORDO, J.

Law Offices of Kravitz & Guerra, P.A. appeals a nonfinal order denying its motion for temporary injunction against Cecilia Brannon f/k/a Leidimar Brannon, Elite Resources and Solutions LLC and Real Confidential Business Services LLC d/b/a RCB Services. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(B).

"The standard of review of trial court orders on requests for temporary injunctions is a hybrid. To the extent the trial court's order is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review." Quirch Foods LLC v. Broce, 314 So. 3d 327, 337 (Fla. 3d DCA 2020) (quoting Fla. High Sch. Athletic Ass'n v. Rosenberg, 117 So. 3d 825, 826 (Fla. 4th DCA 2013)); see also Fla. Dep't of Health v. Florigrown, LLC, 317 So. 3d 1101, 1110 (Fla. 2021) ("We review a trial court's factual findings on the[ ] elements [of a claim for a temporary injunction] for competent, substantial evidence, and we review its legal conclusions de novo. To the extent the decision to enter a temporary injunction involves an exercise of discretion, we defer to the trial court unless it has abused its discretion." (citation omitted)); Briceño v. Bryden Invs., Ltd., 973 So. 2d 614, 616 (Fla. 3d DCA 2008) ("A trial court has wide discretion to grant or deny a temporary injunction and an appellate court will not interfere with the exercise of such discretion unless the party

challenging the grant or denial clearly shows an abuse of that discretion." (quoting Perry & Co. v. First Sec. Ins. Underwriters, Inc., 654 So. 2d 671, 671 (Fla. 3d DCA 1995))); Atomic Tattoos, LLC v. Morgan, 45 So. 3d 63, 64 (Fla. 2d DCA 2010) ("An appellant who challenges the trial court's order on a motion for temporary injunction has a heavy burden; the trial court's ruling is presumed to be correct and can only be reversed where it is clear the court abused its discretion.").

Kravitz & Guerra failed to demonstrate that the trial court abused its discretion in denying a temporary injunction against Brannon, Elite Resources and RCB Services, for violating a non-compete and non-solicitation restrictive covenant of an employment agreement between Kravitz & Guerra and Brannon. Contrary to their contentions on appeal, competent, substantial evidence in the record supports the trial court's finding that the restrictive covenants were not violated as Brannon provided accounting services to former clients of Miami Best Accountants; a non-party to the employment agreement and not a party to this lawsuit. See § 542.335(1)(f)(1)–(2), Fla. Stat.; Tusa v. Roffe, 791 So. 2d 512, 514 (Fla. 4th DCA 2001) (finding that a third-party beneficiary's claim failed under section 542.335 as there was no "contractual privity" and the agreement "[did] not identify Tusa as a third-party beneficiary or state that the restrictive covenant

3

was intended for Tusa's benefit.").  Accordingly, we affirm the trial court's order.

Affirmed.